# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

WELLBEST INDUSTRIES, LTD.,

    Plaintiff,

v.                                                          Case No. 8:18-cv-2914-KKM-JSS

RETAIL CONSUMER SCIENCE, LLC,
LINDSEY BROOKS, and JOE WEAVER,

    Defendants.
_____/

## **ORDER**

On April 26, 2019, Defendant Retail Consumer Science, LLC (RCS) filed an answer and affirmative defenses to Plaintiff Wellbest Industries, Ltd.'s (Wellbest) amended complaint. (Doc. 27). RCS also filed a counterclaim, alleging one breach of contract claim against Wellbest. (*Id.*). Approximately seven months after RCS filed its counterclaim, the Court entered an order granting defense counsel's motion to withdraw. (Doc. 66). The order—which was entered on December 3, 2020—explained that RCS "may appear and be heard only through counsel admitted to practice in the Court"[1] and instructed RCS, to "immediately retain replacement counsel." (*Id.* at 2). In response to one of the Court's orders to show cause, Wellbest moved for Clerk's

---

[1] The Court cited Local Rule 2.03(e) in its order. Since the entry of the Court's order on December 3, 2020, the Middle District has adopted revised local rules. The current local rules still provide that "[a] party, other than a natural person, can appear through [a] lawyer only." Local Rule 2.02(b)(2).

Default against RCS (Doc. 81), which the Clerk has entered (Doc. 83). Approximately six months after the Court granted defense counsel's motion to withdraw, the Court entered an order to show cause that directed RCS to obtain counsel in this case and file a notice through counsel that explained why the Court should not dismiss RCS's counterclaim for its failure to prosecute. (Doc. 85).

The deadline imposed in the Court's Order has passed, and a review of the docket reveals that RCS has failed to obtain replacement counsel and failed to otherwise prosecute its counterclaim. Accordingly, the Court dismisses RCS's counterclaim for failure to prosecute. The Court's Order warned that "[f]ailure to obtain counsel and **SHOW CAUSE** in [the manner directed] *will* result in RCS's counterclaim being dismissed from this action without further notice." (Doc. 85; emphasis added). Further, Local Rule 3.10 puts parties on notice that "[a] plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." Under the circumstances here, RCS has failed to obtain counsel and respond to the Court's order to show cause altogether. Moreover, a review of the docket evinces a complete lack of effort on RCS's part to obtain counsel and participate in this litigation, as demonstrated by the Clerk's Entry of Default against it, *see* (Doc. 83).

Considering RCS's effective non-appearance in this case for the last six months due to a lack of representation, *see* Local Rule 2.02(b)(2), and RCS's failure to obtain

counsel, respond to the Court's order to show cause, and prosecute its counterclaim diligently, the Court **DISMISSES** RCS's counterclaim in this action, (Doc. 27).

**ORDERED** in Tampa, Florida, on June 3, 2021.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge