UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WELLBEST INDUSTRIES, LTD.,

    Plaintiff,

v.                                              Case No: 8:18-cv-2914-KKM-JSS

RETAIL CONSUMER SCIENCE,
LLC, LINDSEY BROOKS and JOE
WEAVER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motions for Default Final Judgment against each defendant ("Motions"). (Dkts. 105, 106, 108.) Upon consideration and for the reasons that follow, the undersigned recommends that the Motions be granted as set forth below.

## BACKGROUND

Plaintiff Wellbest Industries, LTD. ("Plaintiff") brings this action against Retail Consumer Science, LLC ("RCS"), Lindsey Brooks, and Joe Weaver (collectively, "Defendants") for breach of contract, open account, goods sold and delivered, unjust enrichment, and breach of personal guaranty. (Dkt. 11.) According to Plaintiff's Amended Complaint, RCS entered into an agreement with Plaintiff for the sale and shipping of goods. (*Id.* ¶¶ 1, 29; Dkt. 11-1.) Brooks and Weaver, the principals of RCS, also executed a personal guaranty within the contract with RCS, guaranteeing

payment in the event RCS failed to pay for goods under the agreement. (Dkt. 11 ¶¶ 16, 59; Dkt. 11-1.) Plaintiff further alleges that in 2017 and 2018, Defendants failed to pay for $356,578.10 of ordered and delivered goods. (Dkt. 11 ¶¶ 13–25.) Plaintiff subsequently commenced this action to enforce the agreement. (Dkts. 1, 11.)

RCS and Brooks answered Plaintiff's Amended Complaint (Dkts. 27, 34), but subsequently failed to defend this action. (Dkts. 81, 94.) Although Weaver never responded to the Amended Complaint, he joined Plaintiff in seeking an extension of time to answer (Dkt. 52) and appeared *pro se* before the Court on May 25, 2021 for a status conference. (Dkt. 87.) On Plaintiff's motions, the Clerk entered defaults against each defendant. (Dkts. 83, 96, 103.) Plaintiff now moves for default judgment against Defendants. (Dkts. 105, 106, 108.)

**APPLICABLE STANDARDS**

When a party fails to plead or otherwise defend a judgment for affirmative relief, the clerk of the court must enter a default against the party against whom the judgment was sought. Fed. R. Civ. P. 55(a). If the plaintiff's claim is for a sum certain or an ascertainable sum, then the clerk, upon the plaintiff's request and upon an affidavit of the amount due, must enter a judgment by default. Fed. R. Civ. P. 55(b)(1). In all other cases, the party entitled to judgment must apply to the district court for a default judgment. Fed. R. Civ. P. 55(b)(2). A court may enter a default judgment against a defendant who never appears or answers a complaint, "for in such circumstances the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986). However, where the defaulting party has

appeared in the action, the defaulting party "must be served with written notice of the application at least 7 days before the hearing." Fed. R. Civ. P. 55(b)(2).

Furthermore, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005); *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] However, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (emphasis omitted). Therefore, in considering whether to enter default judgment, the court must first determine whether the complaint states a claim for relief. In addition to the pleadings, the Court may also consider evidence presented in support of the motion for default judgment, including testimony and affidavits. *Equal Emp't Opportunity Comm'n v. Titan Waste Servs. Inc.*, No. 3:10-cv-379-MCR-EMT, 2014 WL 931010, at *6 (N.D. Fla. Mar. 10, 2014); *cf. Super Stop No. 701, Inc. v. BP Prod. N. Am. Inc.*, No. 08-civ-61389, 2009 WL 5068532, at *2 n.4 (S.D. Fla. Dec. 17, 2009) (noting that "unchallenged affidavits are routinely used to establish liability and damages" for default judgment).

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions the former Fifth Circuit rendered prior to October 1, 1981.

- 3 -

## ANALYSIS

### A. Notice of Hearing

Defendants previously appeared in this action. (Dkts. 27, 34, 52, 87.) *See Charlton L. Davis & Co., P. C. v. Fedder Data Ctr., Inc.*, 556 F.2d 308, 309 (5th Cir. 1977) ("The appearance required by [Rule 55] has been broadly defined, and not limited to a formal court appearance."). Federal Rule of Civil Procedure 55(b) requires that a previously-appearing defendant be provided "written notice" of an application for a default judgment. Fed. R. Civ. P. 55(b)(2). Rule 55 does not require that a defendant be served with notice in the same manner as required for service of process. *See Piper v. Metro Sols., LLC*, No. 81:8-cv-3038-T-TPB-JSS, 2021 WL 1341460, at *3 (M.D. Fla. Feb. 16, 2021), *report and recommendation adopted,* No. 8:18-cv-3038-TPB-JSS, 2021 WL 1050140 (M.D. Fla. Mar. 19, 2021); *FHL, Inc. v. Walker*, No. 2:13-cv-555-MHT, 2016 WL 3353944, at *3 (M.D. Ala. June 9, 2016) (finding Rule 55 to be satisfied by mailing of notice pursuant to Federal Rule of Civil Procedure 5).

Upon review of the docket, the undersigned previously noted that the Motions were served on the Defendants by filing with the Clerk using the CM/ECF system and by email. (Dkt. 110.) However, given that Defendants are without counsel and no consent to electronic service was filed, the undersigned previously directed Plaintiff to serve the Motions on Defendants in accordance with Rule 5. (*Id.*) Plaintiff subsequently filed proof of service, reflecting that the service order and the Motions were served on all Defendants by United States mail and certified United States mail

more than seven days before the date of this report and recommendation. (Dkt. 111.) As such, the undersigned finds that the notice requirement of Rule 55(b)(2) has been satisfied. *See Leblanc v. USG7, LLC*, No. 6:12-cv-1235-ORL-41TBS, 2014 WL 12868900, at *1 n.3 (M.D. Fla. Nov. 6, 2014) (finding the notice requirement was satisfied by mailing to last known address).

## B. Service of Process

In seeking a default judgment, Plaintiff bears the burden of establishing proper service of the Complaint. *See Rajotte v. Fabco Metal Prod., LLC*, No. 6:12-cv-372-ORL-28, 2012 WL 6765731, at *2 (M.D. Fla. Dec. 13, 2012), *report and recommendation adopted,* No. 6:12-cv-372-ORL-28, 2013 WL 57722 (M.D. Fla. Jan. 4, 2013) (denying motion for default judgment without prejudice due to improper service). Even if a defaulting defendant has actual notice of the action, "[i]nsufficient or improper service cannot support the entry of a default judgment." *Opella v. Rullan*, No. 10-civ-21134, 2011 WL 2600707, at *4 (S.D. Fla. June 29, 2011), *report and recommendation adopted,* No. 10-civ-21134, 2011 WL 13220496 (S.D. Fla. Aug. 9, 2011) (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)); *see Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant.").

Plaintiff's Return of Service for RCS reflects service by personal delivery to RCS's registered agent. (Dkt. 22.) Federal Rule of Civil Procedure 4(h)(1)(B) provides

that a limited liability company may be served by delivering a copy of the summons and complaint to the entity's registered agent. Thus, Plaintiff properly effected service on RCS. Additionally, Plaintiff served Brooks by personal delivery (Dkt. 17) and Weaver waived service (Dkt. 49). *See* Fed. R. Civ. P. 4(d), (e). As such, the undersigned finds that Defendants were properly served with the Complaint.

**C. Liability**

1. Breach of Contract

In the first cause of action, Plaintiff seeks damages from RCS for breach of contract. (Dkt. 11 ¶¶ 27–32.) To establish a claim for breach of contract under Florida[2] law, a plaintiff must establish: (1) a valid contract; (2) a material breach of the contract; and (3) damages. *Deauville Hotel Mgmt., LLC v. Ward*, 219 So. 3d 949, 953 (Fla. 3d DCA 2017). Here, Plaintiff's allegations in the Amended Complaint are sufficient to establish a claim for breach of contract by RCS. Plaintiff alleges that it entered into an agreement with RCS to govern the sale and shipment of goods. (Dkt. 11 ¶¶13–29; Dkt. 11-1.) The agreement provides that it shall govern any purchase order relating to the purchase and shipment of goods by RCS from Plaintiff and further requires payment within forty-five days of delivery. (Dkt. 11-1.) In the Amended Complaint, Plaintiff contends that RCS placed numerous orders, totaling the amount of $356,578.10. (Dkt. 11 ¶¶ 29, 31, 32.) Plaintiff additionally alleges that it delivered the goods and

---

[2] A federal court sitting in diversity applies the substantive law of the state in which it sits. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The Court therefore applies Florida law to Plaintiff's claims. The contract at issue additionally includes a Florida choice of law clause to govern the parties' agreement. (Dkt. 11-1 at 3.)

performed all of its obligations under the agreement, but RCS failed to remit payment and thereby committed a material breach of the agreement. (*Id.* ¶¶ 30–32.) As these allegations are deemed admitted by RCS, the undersigned recommends that Plaintiff established liability for its first cause of action for breach of contract against RCS.

### 2. Open Account and Goods Sold

In its second and third causes of action, Plaintiff seeks damages from RCS for goods sold and delivered on an open account. (Dkt. 11 ¶¶ 33–47.) To establish a cause of action for goods sold and delivered on an open account under Florida law, Plaintiff must demonstrate a sales contract between the parties, that the amount sought in damages reflects the agreed sales price or reasonable value of the goods, and that the goods were actually delivered. *Alderman Interior Sys., Inc. v. First Nat'l-Heller Factors, Inc.*, 376 So. 2d 22, 24 (Fla. 2d DCA 1979); *see ICool, USA, Inc. v. MBRB Sales, LLC*, No. 18-cv-62387, 2019 WL 6608796, at *3 (S.D. Fla. Dec. 5, 2019).

In the Amended Complaint, Plaintiff alleges the existence of the agreement between the parties, the agreed upon sales pricing as set forth in the purchase orders, and delivery of the goods in accordance with RCS's requests.[3] (Dkt. 11 ¶¶ 33–47.) Plaintiff further alleges that RCS did not object to the sales prices listed in the purchase orders and includes the purchase orders with the Amended Complaint to establish the value of the goods delivered. (Dkt. 11-2.) *See McArthur Dairy, LLC v. McCowtree Bros. Dairy*, No. 09-civ-62033, 2011 WL 2731283, at *5 (S.D. Fla. July 13, 2011). Therefore,

---

[3] Plaintiff pleads claims for open account and goods sold and delivered separately. However, the facts and elements of each claim are virtually identical. *See Alderman*, 376 So. 2d at 24.

the undersigned recommends that Plaintiff established liability for its second and third causes of action against RCS.

### 3. Unjust Enrichment

In the fourth cause of action, Plaintiff seeks damages from RCS for unjust enrichment. (Dkt. 11 ¶¶ 49–55.) Unjust enrichment is an equitable claim, such that relief is available only where Plaintiff has no adequate remedy at law. *BASF Corp. v. Nu-Vision, LLC*, No. 6:09-cv-894-MSS-DAB, 2010 WL 11626579, at *3 (M.D. Fla. Sept. 27, 2010) ("Likewise, the theory of unjust enrichment is equitable in nature and is therefore not available where there is an adequate remedy at law."). The facts underpinning Plaintiff's claim for unjust enrichment are identical to those for each previous cause of action at law, and the relief requested is the same. (Dkt. 11 ¶¶ 49–55.) As the undersigned recommends that Plaintiff has an adequate remedy at law, the undersigned further recommends that the fourth cause of action be dismissed. *See Transp. All. Bank, Inc. v. PeeWee's Hauling, Inc.*, No. 2:18-cv-499-FTM-66MRM, 2020 WL 4808743, at *7 (M.D. Fla. July 29, 2020), *report and recommendation adopted sub nom. Transp. All. Bank, Inc. v. Peewee's Servs. Corp.*, No. 2:18-cv-499-FTM-66MRM, 2020 WL 4785424 (M.D. Fla. Aug. 18, 2020) ("In sum, because [plaintiff] has an adequate remedy at law in the form of money damages, the Undersigned recommends denying [plaintiff's] request for a constructive trust."); *Dyer v. Wal-Mart Stores, Inc.*, No. 8:08-cv-747-T-17TGW, 2010 WL 11474400, at *2 (M.D. Fla. Aug. 6, 2010), *order clarified on reconsideration,* No. 8:08-cv-747-T-17TGW, 2011 WL 13176196 (M.D. Fla. Mar. 4, 2011), *aff'd,* 535 F. App'x 839 (11th Cir. 2013) ("Because Plaintiff Dyer had

an adequate remedy at law, the equitable remedy of unjust enrichment is not available.").

### 4. Breach of Personal Guaranty

Finally, in its fifth and final cause of action, Plaintiff asserts claims for breach of personal guaranty against Brooks and Weaver. (Dkt. 11 ¶¶ 57–61.) A breach of personal guaranty claim is a variation of a breach of contract claim, requiring proof of the same three elements: (1) a valid contract; (2) material breach; and (3) damages. *Mendez Fuel Holdings, LLC v. 7-Eleven, Inc.*, No. 20-cv-22984, 2021 WL 4125362, at *23 (S.D. Fla. Sept. 9, 2021) ("A personal guaranty is a contract under Florida law."); *PGT Indus., Inc. v. Harris & Pritchard Contracting Servs., LLC*, No. 8:12-cv-358-T-33TGW, 2012 WL 3249619, at *1 (M.D. Fla. July 10, 2012), *report and recommendation adopted*, No. 8:12-cv-358-T-33TGW, 2012 WL 3249618 (M.D. Fla. Aug. 7, 2012).

In its Amended Complaint, Plaintiff contends Brooks and Weaver agreed to make payment on behalf of RCS in the event RCS failed to pay sums due for goods delivered. (Dkt. 11 ¶¶ 59; Dkt. 11-1.) Plaintiff further contends that Brooks and Weaver materially breached that contract by failing to remit payment after RCS defaulted and Plaintiff fulfilled its obligations. (Dkt. 11 ¶¶ 59–61.) Finally, Plaintiff alleges $356,578.10 in damages due to the breach. (*Id.*). Therefore, the undersigned recommends that Plaintiff established liability on its fifth cause of action for breach of personal guaranty against Brooks and Weaver.

**D. Damages**

In the Motions, Plaintiff seeks $356,578.10 in damages. (Dkts. 105, 106, 108.) As an initial matter, the undersigned finds, in its discretion, that a hearing is not required to determine Plaintiff's damages. A hearing is not required to determine a damages award if "sufficient evidence is submitted to support the request." *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008); *see Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011). Here, Plaintiff attaches to the Motions a declaration from a director and representative of the entity, as well as the purchase orders at issue. (Dkts. 105-1, 106-1, 108-1.) These documents are sufficient to support Plaintiff's damages request. Specifically, the purchase orders reflect that RCS ordered goods from Plaintiff in the amount of $356,578.10. (*Id.*) The undersigned therefore recommends that Plaintiff be awarded $356,578.10 in damages.

**E. Entitlement to Attorney's Fees**

In the Motions, Plaintiff seeks an order finding that it is entitled to reasonable attorney's fees and costs, in an amount to be determined by the Court. (Dkts. 105, 106, 108.) Plaintiff contends it is entitled to attorney's fees and costs pursuant to the agreements with Defendants. Specifically, the RCS agreement provides that in the event of litigation arising from the agreement, "the prevailing party shall be entitled to recover its expenses, including reasonable attorney's fees and costs, from the other party." (Dkt. 11-1 at 3.) Further, the personal guaranty agreement provides that in the event of default in payment, the guarantors shall pay Plaintiff's "reasonable

attorney['s] fees and costs, including those arising on any appeal or any bankruptcy action and whether or not an action is filed." (Dkt. 11-1 at 2.)

"Under Florida law, attorney's fee provisions in contracts are enforceable." *Sunbelt Rentals, Inc. v. Masonry & Constr. Servs., Inc.*, No. 8:20-cv-1539-T-60AAS, 2020 WL 8461567, at *3 (M.D. Fla. Dec. 17, 2020), *report and recommendation adopted,* No. 8:20-cv-1539-T-60AAS, 2021 WL 222778 (M.D. Fla. Jan. 22, 2021). Therefore, based on the attorney's fees and costs provisions in the agreement (Dkt. 11-1), the undersigned recommends that Plaintiff is entitled to recover its reasonable attorney's fees and costs from Defendants.

Accordingly, it is **RECOMMENDED**:

1. Plaintiff's Motion for Default Judgment against Retail Consumer Science, LLC (Dkt. 105) be **GRANTED in part** and **DENIED in part** to the extent stated herein.

2. Plaintiff's Motion for Default Judgment against Lindsey Brooks (Dkt. 106) be **GRANTED**.

3. Plaintiff's Motion for Default Judgment against Joe Weaver (Dkt. 108) be **GRANTED**.

4. The Clerk be directed to enter judgment in favor of Plaintiff and against Defendant Retail Consumer Science, LLC on Plaintiff's first, second, and third causes of action.

5. Plaintiff's fourth cause of action be **DISMISSED**.

6. The Clerk be directed to enter judgment in favor of Plaintiff and against Defendant Lindsey Brooks and Joe Weaver on Plaintiff's fifth cause of action.

7. Plaintiff be awarded $356,578.10 in damages.

8. The Clerk be directed to enter judgment in favor of Plaintiff against Defendants, jointly and severally, in the amount of $356,578.10.

9. The Court enter an order finding Plaintiff entitled to reasonable attorney's fees and costs and directing Plaintiff to file a supplemental motion on the amount thereof in accordance with Middle District of Florida Local Rule 7.01(c).

**IT IS SO REPORTED** in Tampa, Florida, on December 16, 2021.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Kathryn Kimball Mizelle
Counsel of Record